Estado Libre Asociado de Puerto Rico
TRIBUNAL DE APELACIONES
PANEL VIII

| HYUNG LEE<br><br>Recurrido<br><br>V.<br><br>RAMIRO BANCO PÉREZ<br><br>Peticionario | TA2026CE00462 | *Certiorari* procedente del Tribunal de Primera Instancia, Sala Superior de Bayamón<br><br>Caso Núm.: BY2020CV03224<br><br>Sobre: Daños y Perjuicios bajo el 1802 del Código Civil; Acción Reivindicatoria |

Panel integrado por su presidenta; la Juez Lebrón Nieves, el Juez Pagán Ocasio y la Jueza Álvarez Esnard

*Lebrón Nieves, Juez Ponente*

## SENTENCIA

En San Juan, Puerto Rico, a 18 de mayo de 2026.

El 12 de abril de 2026, compareció ante este Tribunal de Apelaciones, el señor Ramiro Blanco Pérez (en adelante, señor Banco Pérez o parte peticionaria), mediante recurso de *Certiorari* intitulado *Petición de Apelación.* Por medio de este, nos solicita que revisemos la *Orden* emitida el 8 de marzo de 2026 y notificada el 10 de marzo de 2026, por el Tribunal de Primera Instancia, Sala Superior de Bayamón. En virtud del aludido dictamen, el foro *a quo* declaró No Ha Lugar la *Oposición e Impugnación de Memorándum de Costas, Gastos y Honorarios de Abogado.*

Por los fundamentos que adelante se esbozan, se *expide* el *certiorari,* se *revoca* el dictamen recurrido y se devuelve el caso al Tribunal de Primera Instancia para que celebre una vista evidenciaria.

### I

Los hechos que propiciaron el recurso de epígrafe se remontan a una *Demanda* sobre daños y perjuicios bajo el Artículo 1802 del

derogado Código Civil, presentada por el señor Hyung Lee (en adelante, señor Lee o parte recurrida), en contra de la parte peticionaria. En primer lugar, la parte recurrida adujo que, había comprado un equipo de *kite surf*, del cual el señor Blanco Pérez tenía posesión de forma ilegal. Alegó, además, que el señor Blanco Pérez mediante correo electrónico, realizó unas expresiones difamatorias y ataques a su reputación y honra. A tales efectos, en su *Demanda* solicitó una partida no menor de $10,000,000.00 por concepto de daños y perjuicios, más intereses, costas y gastos incurridos. Asimismo, solicitó al foro *a quo* ordenarle a la parte peticionaria devolverle el equipo de *kite surf* a la parte recurrida.

Posteriormente, la parte recurrida presentó *Demanda Enmendada*. En la misma, la parte recurrida modificó y añadió causas de acción contra de la parte peticionaria respecto a los mismos hechos expuestos en la primera demanda. Incluyó causas de acción por difamación, persecución maliciosa y abuso del derecho. Solicitó una suma no menor de $10,100,000.00.

Más adelante, la parte peticionaria presentó *Contestación a Demanda Enmendada*. En esencia, negó los hechos alegados en la demanda y las imputaciones realizadas por la parte recurrida. Asimismo, levantó varias defensas afirmativas. Solicitó al foro recurrido declarar No Ha Lugar la *Demanda* de epígrafe.

Según se desprende del expediente, el 16 de enero de 2024, la parte recurrida presentó *Moción de Sentencia Sumaria*. En respuesta, el 29 de febrero de 2024, la parte peticionaria presentó oposición a la moción de sentencia sumaria.

Acaecidas varias incidencias procesales, innecesarias pormenorizar, el Tribunal de Primera Instancia emitió *Sentencia*. En virtud de su dictamen, el foro *a quo* resolvió:

> [E]ntendemos que el señor Lee solo sufrió un daño marginal, nada que sea extremo que amerite una compensación muy alta, por tanto, sancionamos al

demandado con $1,000.00, por los daños que le causó al demandante, por su actividad difamatoria.

De igual manera, concluyó lo siguiente:

> Evaluados los escritos presentados por las partes y adoptados por referencia los fundamentos antes expuestos, haciéndolos formar parte integral de la presente "Sentencia", este tribunal **CONCEDE**, en parte, la "Moción de sentencia sumaria" (Entrada 93), presentada por la parte demandante, el Sr. Hyung Lee. En consecuencia, se condena al Sr. Ramiro Blanco Pérez al pago de $1,000.00, en daños y perjuicios, por su acción difamatoria, contra el demandante, señor Lee. Sin embargo, desestimamos la causa de acción relacionada con persecución maliciosa y abuso del derecho, presentada por el demandante, en contra del señor Blanco, con perjuicio. Por lo anterior, damos por finalizado el pleito.

Así las cosas, el 2 de septiembre de 2025, la parte recurrida presentó *Memorándum de Costas y Solicitud de Honorarios de Abogados*. En esencia, le solicitó al foro de primera instancia que le impusiera a la parte peticionaria el pago de $73,942.50 por concepto de honorarios de abogado, y $7,894.99 en gastos y costas.

El 4 de septiembre de 2025, el foro *a quo* notificó *Orden* donde le impuso al señor Blanco Pérez el pago de la suma de $4,536.99 por concepto de gastos y costas, y $25,000.00 por honorarios de abogado.

En desacuerdo, el 12 de septiembre de 2025, la parte peticionaria presentó *Oposición e Impugnación de Memorándum de Costas, Gastos y Honorarios de Abogado*. Sostuvo que, los gastos reclamados por la parte recurrida no fueron sustentados o evidenciados de manera fehaciente. Según su criterio, los honorarios de abogados se salían del margen de la razonabilidad y el mercado profesional operante en la plaza del desempeño, más aún cuando dos de las tres causas de acción incluidas en la demanda fueron desestimadas con perjuicio a favor y en beneficio de la parte peticionaria. Asimismo, impugnó el memorando de costas, gastos y honorarios de abogado, conforme al debido proceso de ley en su modalidad procesal, al amparo de las disposiciones de la Regla

44.1(b) de Procedimiento Civil. De acuerdo a la parte peticionaria, dicho memorando no satisfizo los requerimientos dispuestos en la aludida regla. La parte peticionaria también objetó la *Orden* notificada el 4 de septiembre de 2025 por el foro primario, dado a que esta fue prematura al ser emitida dentro del término de 10 días disponibles para impugnar el memorando de costas, gastos y honorarios de abogado. De otra parte, impugnó las sumas solicitadas en el *Memorándum de Costas y Solicitud de Honorarios de Abogados*, por estas ser improcedentes conforme a derecho. Añadió que, ante la inexistencia de determinación de frivolidad y temeridad en la sentencia final, no procedía la imposición de costas, gastos y honorarios de abogado.

Por otro lado, la parte recurrida presentó *Moción en Torno a "Oposición e Impugnación de Memorándum de Costas, Gastos y Honorarios de Abogado"*. En primer lugar, sostuvo que, si la parte peticionaria pretendía impugnar la *Orden* notificada el 4 de septiembre de 2025, debió presentar una moción de reconsideración y que, por ello, su moción debía ser rechazada de plano. Aseguró haber cumplido cabalmente con las disposiciones de la Regla 44.1(b) en su *Memorándum de Costas y Solicitud de Honorarios de Abogados*. Explicó que, en el memorándum, detalló las partidas específicas de gastos y desembolsos incurridos durante la tramitación del caso de epígrafe, y que cada una de estas fueron identificadas mediante referencia a las facturas correspondientes. Asimismo, adujo que el Tribunal de Primera Instancia no cometió error alguno al imponer el pago de honorarios a la parte peticionaria. De igual manera, según arguyó la parte recurrida, el señor Blanco Pérez incurrió en conducta frívola y temeraria a lo largo de la tramitación del pleito de epígrafe. En cuanto a esto último, conforme sostuvo la parte recurrida, en un momento esta se dispuso a desistir del pleito en contra del señor Blanco Pérez, condicionado

a que este retirara las declaraciones difamatorias en su contra, que afirmara que estas eran falsas y aceptara que las realizó, sin conllevar pago monetario alguno. Sin embargo, la parte peticionaria rechazó dicha oferta y que ello, constituyó para el señor Lee, la necesidad de continuar incurriendo en gastos de litigios. Solicitó al foro primario que declarara No Ha Lugar la *Oposición e Impugnación de Memorándum de Costas, Gastos y Honorarios de Abogado.*

Finalmente, el 8 de marzo de 2026, la primera instancia judicial emitió *Orden* donde declaró No Ha Lugar la oposición e impugnación de memorándum presentada por la parte peticionaria.

Inconforme, la parte peticionaria acudió ante este foro revisor mediante el recurso de epígrafe donde esbozó el siguiente señalamiento de error:

> Err[ó] el Honorable Tribunal de Primera Instancia abus[ó] de su discreción en la presente causa de acción al emitir determinación desproporcionada de imposición de $4,536.99 *por concepto de gastos y costas y $25,000.00 por honorarios de abogado*, en claro error manifiesto de derecho que resulta irrazonable e incongruente con el tracto procesal del caso y las determinaciones de hecho y de derecho de la propia sentencia final emitida, de la cual se destaca que el demandante aquí apelado fracas[ó] en dos (2) de las tres (3) causas de acción mediante desestimación, prevaleciendo única y exclusivamente en una sola, la cual le mereció la concesión de una cuantía nominal o marginal de $1,000.00, ello a pesar del hecho de que la reclamación incoada en la demanda enmendada se efectuó por la suma de diez millones de dólares ($10,000,000.00) en daños. Sentencia confirmada por este Honorable Tribunal de Apelaciones en el caso Civil número TA2025AP00352.

Por otro lado, la parte recurrida presentó *Memorando en Oposición a Expedición de Certiorari.*

Con el beneficio de la comparecencia de las partes, procedemos a resolver.

**II**

### A. El Certiorari

El certiorari es un recurso extraordinario mediante el cual un tribunal de jerarquía superior puede revisar discrecionalmente una

decisión de un tribunal inferior. *Rivera et al. v. Arcos Dorados et al.*, 212 DPR 194 (2023); *Torres González v. Zaragoza Meléndez*, 211 DPR 821 (2023); *Caribbean Orthopedics v. Medshape et al.*, 207 DPR 994, 1004 (2021); *Pueblo v. Rivera Montalvo*, 205 DPR 352, 372 (2020)[1]. Ahora bien, tal "discreción no opera en lo abstracto. A esos efectos, la Regla 40 del Reglamento del Tribunal de Apelaciones[2], dispone los criterios que dicho foro deberá considerar, de manera que pueda ejercer sabia y prudentemente su decisión de atender o no las controversias que le son planteadas". (citas omitidas) *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 97 (2008); *Pueblo v. Rivera Montalvo*, supra, pág. 372; *Torres González v. Zaragoza Meléndez*, supra, pág. 848. La precitada Regla dispone lo siguiente:

> El Tribunal tomará en consideración los siguientes criterios al determinar la expedición de un auto de certiorari o de una orden de mostrar causa:
>
> (A) Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos, son contrarios a derecho.
>
> (B) Si la situación de hechos planteada es la más indicada para el análisis del problema.
>
> (C) Si ha mediado prejuicio, parcialidad o error craso y manifiesto en la apreciación de la prueba por el Tribunal de Primera Instancia.
>
> (D) Si el asunto planteado exige consideración más detenida a la luz de los autos originales, los cuales deberán ser elevados, o de alegatos más elaborados.
>
> (E) Si la etapa de los procedimientos en que se presenta el caso es la más propicia para su consideración.
>
> (F) Si la expedición del auto o de la orden de mostrar causa no causa un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.

---

[1] Véase también, *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 728-729 (2016); *IG Builders et al. v. BBVAPR*, 185 DPR 307, 337-338 (2012); *Pueblo v. Díaz de León*, 176 DPR 913, 917 (2009).

[2] Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, In re Aprob. Enmdas. Reglamento TA, 2025 TSPR 42, pág. __, 215 DPR __ (2025). https://dts.poderjudicial.pr/ts/2025/2025tspr42.pdf

(G)  Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia.[3]

No obstante, "ninguno de los criterios antes expuestos en la Regla 40 del Reglamento del Tribunal de Apelaciones, supra, es determinante, por sí solo, para este ejercicio de jurisdicción, y no constituye una lista exhaustiva". *García v. Padró*, 165 DPR 324, 327 (2005). Por lo que, de los factores esbozados "se deduce que el foro apelativo intermedio evaluará tanto la corrección de la decisión recurrida, así como la etapa del procedimiento en que es presentada; esto, para determinar si es la más apropiada para intervenir y no ocasionar un fraccionamiento indebido o una dilación injustificada del litigio". *Torres Martínez v. Torres Ghigliotty*, supra, pág. 97.

### B. Regla 44.1 de las Reglas de Procedimiento Civil

Las costas y honorarios de abogado se encuentran regulados por la Regla 44.1 de Procedimiento Civil. En su inciso (a) esta dispone que, las costas serán concedidas a la parte a cuyo favor se resuelva el pleito o se dicte sentencia en apelación o revisión, con excepción de aquellos casos en los que se disponga lo contrario por la ley o las Reglas de Procedimiento Civil. Dicho estatuto también dispone que, las costas que el tribunal podrá conceder "son los gastos incurridos necesariamente en la tramitación de un pleito o procedimiento que la ley ordena o que el tribunal, en su discreción, estima que una parte litigante debe reembolsar a otra". Regla 44.1 (a) de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 44.1 (a).

En cuanto a cómo se concederán, la Regla 44.1(b) establece:

La parte que reclame el pago de costas presentará al tribunal y notificará a la parte contraria, dentro del término de diez (10) días contados a partir del archivo en autos de copia de la notificación de la sentencia, una relación o memorándum de todas las partidas de gastos y desembolsos necesarios incurridos durante la tramitación del pleito o procedimiento. El memorándum de costas se presentará bajo juramento de parte o mediante certificación del abogado o abogada y consignará que, según el entender de la parte

---

[3] *Íd.*

reclamante o de su abogado o abogada, las partidas de gastos incluidas son correctas y que todos los desembolsos eran necesarios para la tramitación del pleito o procedimiento. Si no hubiese impugnación, el tribunal aprobará el memorándum de costas y podrá eliminar cualquier partida que considere improcedente, luego de conceder a la parte solicitante la oportunidad de justificarlas. Cualquier parte que no esté conforme con las costas reclamadas podrá impugnarlas en todo o en parte, dentro del término de diez (10) días contados a partir de aquel en que se le notifique el memorándum de costas. El tribunal, luego de considerar la posición de las partes, resolverá la impugnación. La resolución del Tribunal de Primera Instancia podrá ser revisada por el Tribunal de Apelaciones mediante el recurso de certiorari. De haberse instado un recurso contra la sentencia, la revisión de la resolución sobre costas deberá consolidarse con dicho recurso.[4]

La precitada disposición tiene una función reparadora, pues permite resarcir a la parte prevaleciente en el pleito por medio del reembolso de los gastos necesarios y razonables en los que tuvo que incurrir para que su teoría prevaleciera. *Maderas Tratadas v. Sun Alliance, et al.*, 185 DPR 880, 934 (2012); *ELA v. El Ojo de Agua Development*, 205 DPR 502, 527 (2020); *Rosario Domínguez v. ELA*, 198 DPR 197, 211 (2020). Nuestra Máxima Curia ha dispuesto que, una vez la parte prevaleciente reclama su pago, la imposición de costas a la parte perdidosa es mandatoria. *Íd.*

No obstante, lo anterior no implica que el pago de las costas es automático, puesto que es necesario que la parte prevaleciente cumpla con el procedimiento dispuesto en la Regla 44.1 (b) de Procedimiento Civil, *supra.* *Íd.*; *ELA v. El Ojo de Agua Development*, supra, pág. 528. Además, se debe presentar oportunamente un memorando de costas en el que se precisen los gastos incurridos. *Rosario Domínguez v. ELA*, supra, pág. 212. Una vez sometido oportunamente a la consideración del tribunal, estos tienen amplia discreción para evaluar la razonabilidad y determinar la necesidad de los gastos detallados. *Maderas Tratadas v. Sun Alliance, et al.*, supra, pág. 935.

---

[4] Regla 44.1 (b) de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 44.1 (b).

Cónsono con lo anterior, el Tribunal Supremo ha reiterado que el término de diez días para presentar el memorando de costas es jurisdiccional. *Íd.*, pág. 213. Por ende, el incumplimiento, o el cumplimiento tardío con esta regla, priva al tribunal de la autoridad para atender y conceder las costas. *Íd.*

Por otro lado, la concesión de honorarios de abogado está regulada por la Regla 44.1 (d) de Procedimiento Civil de 2009, 32 LPRA Ap. V, R. 44.1 (d). La misma autoriza al Tribunal a imponer honorarios de abogado cuando una parte o su abogado procede con temeridad o frivolidad. *Pérez Rodríguez v. López Rodríguez et al.*, 210 DPR 163 (2022); *SLG González-Figueroa v. SLG et al.*, 210 DPR 138 (2022).

De esta manera, la imposición o concesión de honorarios de abogado no procede en todos los casos. Depende, pues, de la determinación discrecional que haga el tribunal en torno a si la parte perdidosa o su abogado, actuaron con temeridad o frivolidad, o de la existencia de una ley especial que ordene la imposición de los honorarios. *Íd.* págs. 148-149; *Ortiz Valle v. Panadería Ricomini,* 210 DPR 831, 839-840 (2022). Nuestro Alto Foro ha puntualizado que: "[s]in duda, para reclamar honorarios de abogado y los intereses presentencia *es imprescindible* que se haya actuado con temeridad durante el trámite judicial". *SLG González-Figueroa v. SLG et al.*, supra, pág. 148.

La *temeridad* se define como aquella conducta que hace necesario un pleito que se pudo evitar, que lo prolonga innecesariamente o que obliga que la otra parte incurra en gestiones evitables. *SLG González-Figueroa v. SLG et al.,* supra, pág. 148; *Marrero Rosado v. Marrero Rosado*, 178 DPR 476, 504 (2010). Sobre este particular, nuestro más Alto Foro ha expresado también que "[l]a temeridad es una actitud que se proyecta sobre el procedimiento y que afecta el buen funcionamiento y la

administración de la justicia." *Jarra Corp. v. Axxis Corp.*, 155 DPR 764, 779 (2001) citando a *Elba A.B.M. v. U.P.R.*, 125 PR 294, 329 (1990).

Por otro lado, la frivolidad se define como "aquello que no tiene razón de ser, sin méritos, sin peso ni lógica alguna." *Depto. Rec. v. Asoc. Rec. Round Hill,* 149 DPR 91, 100 (1999). Sólo lo claramente irrazonable o inmeritorio debe dar paso a una determinación de frivolidad por un tribunal apelativo. *Íd.*

En Feliciano *Polanco v. Feliciano González,* 47 DPR 722, 730 (1999), el Tribunal Supremo de Puerto Rico indicó que "[a] modo de ejemplo, constituyen actos temerarios los siguientes:

> [c]uando el demandado contesta la demanda y niega su responsabilidad total, aunque la acepte posteriormente; cuando se defiende injustificadamente de la acción que se presenta en su contra; cuando no admite francamente su responsabilidad limitada o parcial, a pesar de creer que la única razón que tiene para oponerse a la demanda es que la cuantía es exagerada; cuando se arriesga a litigar un caso del que prima facie se desprende su negligencia; o cuando niega un hecho que le consta ser cierto."

El propósito de la imposición de honorarios de abogado en casos de temeridad es "establecer una penalidad a un litigante perdidoso que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito." *Andamios de PR v. Newport Bonding*, 179 DPR 503, 520 (2010); *Pérez Rodríguez v. López Rodríguez*, supra, pág. 193; *SLG González-Figueroa v. SLG et al.*, supra, págs. 148-149; *Fernández v. San Juan Co.*, Inc., 118 DPR 713, 718 (1987).

Además, la imposición de honorarios de abogado, tiene como objetivo disuadir la litigación innecesaria y alentar las transacciones mediante la imposición de sanciones a la parte temeraria para compensar los perjuicios económicos y las molestias sufridas por la

otra parte. *Fernández v. San Juan Cement Co., Inc.*, 118 DPR 713, 718-719 (1987). Nuestro más Alto Foro ha dispuesto que, la facultad de imponer honorarios de abogados es la mejor arma que ostentan los tribunales para gestionar de forma eficaz los procedimientos judiciales y el tiempo de la administración de la justicia, así como para proteger a los litigantes de la dilación y los gastos innecesarios. *SLG González-Figueroa v. SLG et al.*, supra, pág. 149.

La determinación sobre si una parte ha procedido con temeridad descansa en la sana discreción del tribunal sentenciador y no será variada en apelación a menos que se demuestre que éste ha abusado de su discreción. *Pérez Rodríguez v. López Rodríguez*, supra, pág. 193; *SLG González-Figueroa v. SLG et al.*, supra, pág. 150. Tampoco será variada la partida concedida a menos que resulte ser excesiva, exigua o constituya un abuso de discreción. *Feliciano Polanco v. Feliciano González, supra,* págs. 728-729.

Ahora bien, una vez el tribunal determina que se incurrió en temeridad, está obligado a imponer el pago de los honorarios de abogado a favor de la parte que prevaleció en el pleito. *PR Fast Ferries et al. v. AAPP*, 213 DPR 103, 115 (2023). No obstante, el tribunal no está obligado a realizar la determinación de temeridad en términos expresos. *SLG González-Figueroa v. SLG et al.*, supra, en la pág. 148, citando a *Rivera v. Tiendas Pitusa, Inc.*, 148 DPR 695, 702-703 (1999). El Alto Foro ha resuelto que: "[e]n ausencia de una conclusión expresa a esos efectos, un pronunciamiento en la sentencia condenando al pago de honorarios de abogado, implica que el tribunal sentenciador consideró temeraria a la parte así condenada". *Rivera v. Tiendas Pitusa, Inc.,* 148 DPR 695 (1999). Ver

también *Siaca v. Bahía Beach Resort,* 194 DPR 559, 589, esc. 75 (2016); *Ramos v. Moure et al.,* 150 DPR 685, 691, esc. 9 (2000).[5]

Esbozada la normativa jurídica que enmarca la controversia de epígrafe, procedemos a aplicarla.

**III**

En su único señalamiento de error, la parte peticionaria sostiene que el foro *a quo* abusó de su discreción al emitir determinación desproporcionada al imponer la suma de $4,536.99 por concepto de gastos y costas, y la suma de $25,000.00 por honorarios de abogado, en claro error de derecho. Según la parte peticionaria, dicha determinación resulta irrazonable e incongruente con el tracto procesal del caso y las determinaciones de hecho y derecho de la *Sentencia* final emitida, de la cual se desprende que de las tres causas de acción de la *Demanda,* el foro primario desestimó dos y la parte recurrida prevaleció solo en una. Añadió que, por la causa de acción prevaleciente, la parte recurrida mereció la concesión de la suma de $1,000.00 por concepto de daños.

De acuerdo al derecho expuesto, las costas y honorarios de abogado se encuentran regulados por la Regla 44.1 de las de Procedimiento Civil, *supra.* En cuanto a las costas, estas serán concedidas a la parte a cuyo favor se resuelva el pleito con excepción de aquellos casos en los que se disponga lo contrario por la ley o las Reglas de Procedimiento Civil.[6] Las costas que el tribunal podrá conceder, son aquellos gastos incurridos de forma necesaria en la tramitación de un pleito o procedimiento ordenado por ley, o que el tribunal, en su discreción, estima que una parte litigante deba

---

[5] En el caso de *Ramos,* el Alto Foro expresó, con respecto a uno de los señalamientos ante su consideración, que: "[e]ste tercer error carece de mérito ya que **reiteradamente hemos resuelto que el tribunal puede imponer honorarios sin la necesidad de mencionar expresamente la existencia de temeridad**. Basta con imponer honorarios para determinar temeridad". (Énfasis suplido).

[6] 32 LPRA Ap. V, R. 44.1 (a).

reembolsar a otra.[7] Una vez la parte prevaleciente reclama su pago, la imposición de costas a la parte perdidosa es mandatoria.[8] No obstante, lo anterior no implica que el pago de las costas es automático, puesto que es necesario que la parte prevaleciente cumpla con el procedimiento dispuesto en la Regla 44.1 (b) de Procedimiento Civil, *supra*.[9]

Respecto a los honorarios de abogados, el Tribunal está autorizado a imponerlos cuando una parte o su abogado procede con temeridad o frivolidad.[10] La imposición o concesión de honorarios de abogado no procede en todos los casos, dependerá de la determinación discrecional que el tribunal realice en torno a si la parte perdidosa o su abogado, actuaron con temeridad o frivolidad o la existencia de una ley especial que ordene la imposición de los honorarios.[11] El propósito de la imposición de honorarios de abogado en casos de temeridad es "establecer una penalidad a un litigante perdidoso que, por su terquedad, obstinación, contumacia e insistencia en una actitud desprovista de fundamentos, obliga a la otra parte, innecesariamente, a asumir las molestias, gastos, trabajo e inconveniencias de un pleito."[12] Dicha imposición tiene como objetivo disuadir la litigación innecesaria y alentar las transacciones mediante la imposición de sanciones a la parte temeraria para compensar los perjuicios económicos y las molestias sufridas por la otra parte.[13]

Según reseñáramos, la parte recurrida presentó un memorándum de costas y solicitud de honorarios de abogado. Posteriormente, el Tribunal de Primera Instancia emitió *Orden* donde se limitó a disponer lo siguiente:

---

[7] *Íd.*
[8] *Íd.*
[9] *Íd.*
[10] *Pérez Rodríguez v. López Rodríguez et al.*, supra, pág. 192.
[11] *SLG González-Figueroa v. SLG et al.*, págs. 148-149.
[12] *Andamios de PR v. Newport Bonding*, supra, pág. 520.
[13] *Fernández v. San Juan Cement Co., Inc.*, págs. 718-719.

Se impone el pago de la cantidad de $4,536.99 por concepto de gastos y costas y $25,000.00 por honorarios de abogado.

La parte peticionaria se opuso a la solicitud de la parte recurrida y a su vez, objetó la *Orden* emitida por el foro primario.

Al evaluar el expediente ante nuestra consideración, concluimos que procede devolver el caso al Tribunal de Primera Instancia para que celebre una vista evidenciaria, a los fines de determinar si, en efecto, proceden las costas, gastos y honorarios de abogados, así como la cuantía por tales conceptos.

**IV**

Por los fundamentos que anteceden, se *expide* el *certiorari*, se *revoca* el dictamen recurrido y se devuelve el caso al Tribunal de Primera Instancia para que celebre una vista evidenciaria.

Notifíquese.

Lo acordó y manda el Tribunal, y certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones